LLOYD P. BAIR, APPELLANT, *v.* JERRY BERRY, MARGARET BERRY, C. W. HARPER, EDWARD T. LEONARD, JOHN J. HAUCK, THE OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION OF THE U.S. AND CANADA, AND THE OPERATIVE PLASTERERS AND CEMENT MASONS, LOCAL 797, RESPONDENTS.

No. 5831

STATE OF NEVADA ON THE RELATION OF WILLIAM D. MORRIS AS A MEMBER, FINANCIAL SECRETARY, TREASURER, AND BUSINESS MANAGER OF LOCAL UNION 797 OF THE OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, RESPONDENT.

No. 5966

January 21, 1970 464 P.2d 469

[Rehearing denied February 18, 1970]

*Singleton, Beckley, DeLanoy, Jemison & Reid,* of Las Vegas, for Appellant and Respondent Eighth Judicial District Court.

*Rudiak and Publow,* of Las Vegas, for Respondents Jerry Berry, et al., and Petitioner.

# OPINION

By the Court, ZENOFF, J.:

Lloyd P. Bair is a plasterer by trade. At the time of the alleged events that led to this appeal he was a former member of Plasterers Local Union 797 having given up his membership for nonpayment of dues. It appears that he had enough money for dues, only that he did not want to belong to the union. After what he claimed was his inability to either get a job through the union hiring hall or to hold a job once he eventually was given one, he brought action alleging that the local union, together with its officers and agents, and the International, of which the local was a member, conspired to deprive him of his right to make a living in violation of the Nevada right-to-work law, NRS 613.250 et seq.

Affidavits, depositions and other documents were submitted to the trial court, whereupon summary judgment was ordered in favor of all defendants except the Local Union. As to the Local Union, summary judgment was denied but the prospective trial was uniquely limited to permitting the plaintiff to attempt to prove an oral contract between the union and others to convert the nondiscriminatory hiring hall into a discriminatory hiring hall as a preliminary in the consideration of

any liability on behalf of the local to Bair. Bair appeals from the summary judgment releasing the International and the Local Union seeks a writ of prohibition to halt further proceedings against it. The appeal and writ were consolidated since the issue is common to each.

1. Bair sued in conspiracy. It is not alleged that the defendants, or any of them, made a written or oral agreement in violation of the right-to-work law. The essence of the action is conspiracy (NRS 613.280); a conspiracy to deny Bair employment because of his nonunion status. Bair claims that he was prevented from working by the Local Union through its officers, Jerry and Margaret Berry, and the International through its officers, Edward Leonard and John Hauck (who were not served with process), by inducing employers and other persons not to hire him. The International's liability is predicated upon its purported failure to see that one of its local unions conducted its affairs properly.

Bair does not accuse the International of actively participating in the wrongful acts of the local and its officers. An invalid provision in the local bylaws was in years gone by sent to the International and while the International disclaimed any knowledge or approval of that provision the objection must be discounted in any event. Bair had refused to pay his dues before any misconduct took place thus no contractual relationship existed between the International and Bair because he was dropped from membership. More importantly, his inability to show active complicity on the part of International is fatal to his case against him. Without active involvement the International, being a separate and distinct entity from a local union member (United Mine Workers of America v. Coronado Co., 259 U.S. 344, 385 (1922)), is not accountable for the misconduct of one of its local union members. Local Union No. 984 v. Humko Co., 287 F.2d 231 (6th Cir. 1961); N.L.R.B. v. Local Union No. 751 United Bhd. of Carpenters, 285 F.2d 633, 641 (9th Cir. 1960); United Bhd. of Carpenters v. N.L.R.B., 286 F.2d 533, 538 (D.C.Cir. 1960). It is also quite probable that the subject of involvement of the International is preempted by the N.L.R.A. San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959); United Ass'n of Journeymen Plumbers' Union v. Borden, 373 U.S. 690 (1963); Iron Workers v. Perko, 373 U.S. 701 (1963).

2. His efforts to establish even inferentially a conspiracy must also fail. The voluminous record is empty of any support for his accusation that a conspiracy against him existed. He stated, "It was common knowledge Berry was conspiring against me," but nowhere does it appear who was conspiring with whom or at all. Catrone v. 105 Casino Corp., 82 Nev. 166, 170, 414 P.2d 106 (1966). A conspiracy must consist of a combination of two or more persons, but the only persons he accuses are the Berrys who represented the union. He admitted that he did not have knowledge of facts regarding the alleged conspiracy. He said only that facts might be within the knowledge of his attorney or other witnesses. The court ordered him time and again to fully respond to interrogatories and requests for admissions regarding witnesses and their prospective testimony but he was unable to supply any information of named conspirators nor do any appear as parties to the action or as participants. Whenever Berry, the union official, went out on any job upon which Bair was working, even though he may have engaged in conversations with the job steward as Bair claims, Bair was not fired, but in all instances, by his own admission, he continued to work until the job was finished. His sole and only complaints are directed against the Berrys and no one else.

In Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963), a case classic for its liberality in permitting inferences to overcome a motion for summary judgment, at least some minimum standards were established for the quality of facts that should be shown to allow the trial court to pass upon as controverted evidence. But the rule is well-settled that the opposing party is not entitled to have the motion for summary judgment denied on the mere hope that at trial he will be able to discredit movant's evidence; he must at the hearing be able to point out to the court something indicating the existence of a triable issue of fact. Thomas v. Bokelman, 86 Nev. 10, 462 P.2d 1020 (1970).

Prior to the commencement of his lawsuit in the state court Bair twice complained to the N.L.R.B. of the union conduct of discriminating against him for employment. He was rejected on the first application for lack of merit and he voluntarily withdrew the second. Those applications were presented into

this record and, again, as was the case of his written statements, he did not indicate or show anything of a conspiracy between the union and other persons except to use the word "conspire." Having failed in any respect to assert facts from which reasonable inferences can be drawn his cause of action must fail.

Having so decided, we do not reach the issue of federal preemption.

The summary judgments are affirmed and the writ of prohibition against further trial proceedings is granted.

COLLINS, C. J., BATJER and THOMPSON, JJ., and YOUNG, D. J., concur.